IN THE UNITED STATES DISTRICT COURT FOR
                THE DISTRICT OF MARYLAND, NORTHERN DIVISION

NANCY F. MOORE,                     *

        Plaintiff,                  *

v.                                  *      CIVIL NO: WDQ-04-2819

MICHAEL O. LEAVITT,                 *
SECRETARY, U.S. DEPARTMENT
HEALTH AND HUMAN SERVICES           *

        Defendant.                  *

*       *       *       *       *       *       *       *       *       *       *       *       *       *

                    Memorandum Opinion and Order

        Nancy Moore has sued Michael Leavitt, Secretary of the

United States Department of Health and Human Services (DHHS), for

employment discrimination in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  Pending is

Defendant's motion to dismiss or for summary judgment.  Also

pending is Moore's motion to stay the Court's consideration of

the motion for summary judgement.  For the following reasons

Defendant's motion to dismiss will granted as to Count III and

denied as to Counts I and II.  Defendant's motion for summary

judgment will be denied without prejudice to allow Moore

sufficient time for discovery.


I.  Background

        Between December 2000 and January 2004 Moore, a Health

Insurance Specialist ("HIS"), Grade 12 in the Contractor

Management Branch, Division of Program Integrity Operations
("DPIO"), Program Integrity Group ("PIG"), Office of Financial
Management ("OFM"), Health Care Financing Administration,
Department of Health and Human Services, applied for 11 different
GS-13 level positions but was not selected.[1]  Amended Complaint,
p. 3-33.  Moore contends that she was also constructively denied
two temporary GS-13 "detail" positions for which DHHS did not
advertise a vacancy (and for which she did not apply).[2]  *Id* at p.
27-30.

Moore has sued under Title VII alleging that DHHS refused to
promote her because of her race (African American) and in
retaliation for prior Equal Employment Opportunity ("EEO")
activity.  Moore further alleges that she was subjected to a
hostile work environment when her supervisors: 1) asked her when
she was going to retire or transfer to another agency component;
2) subjected her to verbal abuse; 3) failed to act on a racially
insensitive email; 4) reassigned her duties and responsibilities;

---

[1] Moore applied for vacancies listed in announcements H-99-
264, RN-C0-00-025 and RN-CO-00-032 in December, 1999; H-00-288 in
November, 2000; H-01-115 and H-01-116 in September, 2001; H-01-
143 in October, 2001; H-02-025 in February, 2002; H-02-221 in
September, 2002; H-04-001 in January, 2004.  Moore was not
informed of Temporary Special Assistant Detail Positions that
were available in June and December 2003.

[2] Since filing suit, Moore has been promoted to the GS-13
level; she is currently an HIS, in the Division of Medical
Review, PIG, OFM, Center for Medicare and Medicaid Services
("CMS"), DHHS.

5) assigned her to inexperienced team leaders; and 6) treated her differently than her co-workers.

DHHS has moved to dismiss the complaint or for summary judgment arguing that: 1) Moore cannot establish a *prima facie* case of employment discrimination or retaliation; 2) DHHS has provided legitimate, non-discriminatory reasons for not selecting her; 3) there is no evidence that DHHS's proffered reasons are pretextual; and 4) Moore cannot establish that she was subjected to a hostile work environment as a matter of law.

## II.  Standard of Review

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also

3

consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action. *Id*.

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing party must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

III.  Hostile Work Environment Claim

    To state a hostile work environment claim, Moore must allege that: 1) she experienced unwelcome harassment; 2) the harassment was based on her race; 3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and 4) there is some basis for imposing liability on the employer. *Bass v. E.I. DuPont De Nemours & Co.,* 324 F.3d 761 (4th Cir. 2003); *Causey v. Balog,* 162 F.3d 795 (4th Cir. 1998); *see also Harris v. Forklift Systems, Inc.,* 510 U.S. 17 (1993).  "Whether an environment is 'hostile' or 'abusive' depends on: 1) the frequency of the discriminatory conduct; 2) its severity; 3) whether it is physically threatening or humiliating; 4) whether it is merely an offensive utterance; and 5) whether it unreasonably interferes with an employee's work performance.  *Harris,* 510 U.S. at 23.

    Moore argues that she was subjected to a hostile work environment when her supervisors: 1) reassigned her duties to other PIG personnel; 2) assigned her to inexperienced team leaders; 3) placed her on a production schedule; 4) verbally abused her; and 5) failed to act on a racially offensive email.

    Moore's allegations that her duties were reassigned, that she was assigned to inexperienced team leaders and that she was treated differently because of her race or in retaliation for her EEO activity are more properly addressed in her claim for

5

retaliation or a separate disparate treatment claim.   Her allegations that she was subjected to verbal abuse and that her supervisors failed to act on a racially offensive email, however, can be addressed in the context of her hostile work environment claim.

In support of her claim, Moore alleges that in March 1999, after she had filed her first EEO complaint, her former supervisor, Melanie Combs, suggested that she look for another job and asked her when she was going to retire.   Amended Complaint p. 10.   In 2000, Moore claims that Combs harshly criticized her regarding "a matter concerning contractors." *Id.* In January, 2002, Moore alleges that another supervisor, Beth Giebelhaus berated her for being rude to a conference planner. *Id* at p. 13.   Moore contends that Giebelhaus shouted at her, "point[ed] her finger in Moore's face" and threw her out of her office.   *Id* at p. 13-14.

In February, 2002, Dr. Robert Hoover an agency employee, sent Moore an email which included the expression "eenie meenie miney mo." *Id* at p. 12.   Moore alleges that she complained to Giebelhaus and other DHHS managers that the email was racially offensive but management refused to take action. *Id.*   Moore concedes, however, that Dr. Hoover subsequently apologized.   *Id.*

Even assuming the allegations to be true and drawing all inferences in favor of Moore, the facts to do not support a

hostile work environment claim.  Combs's and Giebelhaus's alleged verbal abuse involved work performance issues and two incidents in three years do not indicate pervasive harassment.  Similarly, although Combs's 1999 conversation with Moore may support her allegations of retaliation, it was a single incident.  Finally, although Dr. Moore's email may have been offensive, as Moore concedes, he quickly apologized.

Taken together, these incidents are not sufficient to show a pervasive or severe pattern of harassment.  Accordingly, Defendant's motion to dismiss Moore's hostile work environment claim will be granted.


IV.  Failure to Promote and Retaliation Claims

A.  Motion to Dismiss

Under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1972), Moore can establish a *prima facie* case of discrimination based on DHHS's failure to promote her if she can show: 1) that she is a member of a protected group; 2) she applied for an open position; 3) she was qualified for the position; and 4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination.  *Bryant v. Aiken Regional Medical Centers, Inc.,* 333 F.3d 536 (4th Cir. 2003).

Once Moore establishes a *prima facie* case, DHHS must show a non-discriminatory reason for its actions.  *McDonnell Douglas,*

7

411 U.S. 792.  If DHHS can offer a legitimate explanation, Moore must show that the explanation is pretextual.  *Id.*

In order to establish a *prima facie* case of retaliation, Moore must show that: 1) she engaged in a protected activity; 2) DHHS took adverse action against her as a result; and 3) there was a causal relationship between her protected activity and the adverse action.  *Pulley v. KPMG Consulting,* 348 F.Supp.2d 388, 394 (4th Cir. 2004); *Price v. Thompson,* 380 F.3d 209, 212 (4th Cir. 2004).

Moore alleges that although she was qualified for the GS-13 positions that became available between December, 1999 and January, 2004, *see supra* note 1, she was not selected because of her race and in retaliation for her prior EEO activity (of which Moore alleges the selecting officials were aware).  Moore alleges generally that white employees were either preselected, favored in the application process, or assigned to temporary detail positions that provided them advantageous experience.

DHHS first argues that Moore cannot prove a *prima facie* case of discrimination in her non-selection for vacancy announcements RN-C0-00-032 and H-01-115 because no selections were made for these positions.  With respect to the other positions, DHHS argues that Moore was not selected because the applicants ultimately selected were more qualified.

DHHS argues that Moore cannot establish a *prima facie* case

of retaliation because: 1) she was not selected for vacancy announcement H-99-264, RN-C0-00-025, or RN-C0-00-032 before she filed her EEO complaint; and 2) she cannot prove that the selecting officials of the other positions were aware of her EEO activity when she was not selected.

Taking Moore's allegations to be true and drawing all inferences in her favor, the Court finds that Moore has sufficiently alleged a *prima facie* case of discrimination and retaliation to survive DHHS's motion to dismiss.  Accordingly, Defendant's motion to dismiss will be denied.


B.  Motion for Summary Judgment

Moore has moved for a stay of consideration of the motion for summary judgment pursuant to Rule 56(f) arguing she has not had the opportunity for discovery.[3]

Rule 56(f) provides that:

should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other orders as is just.

Rule of Civil Procedure 56(f).

Generally, "summary judgment is appropriate only after adequate time for discovery." *Harrods Ltd. v. Sixty Internet*

---

[3] Discovery began December 12, 2005.

*Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002).  Sufficient time for discovery is especially important "when the relevant facts are exclusively in the control of the opposing party, and when a case involve[s] complex factual questions about intent and motive."  *Clark v. Creative Hairdressers,* 2005 WL 3008511, slip op. (D.Md. 2005) *see also Chernova v. Electronic Systems Services, Inc.,* 247 F.Supp.2d 720 (D.Md. 2003)(motion for summary judgment in Title VII case stayed to allow Plaintiff discovery into employers discriminatory intent and pretextual reasons for termination).

A court will not grant a stay to allow a party to conduct a fishing expedition for useful information.  *Clark,* 2005 WL 3008511 at 15.  Therefore, a party seeking a stay under Rule 56(f) must file an affidavit that "particularly specifies legitimate needs."  *Id.*

Moore has submitted an affidavit detailing her need for discovery of, *inter alia,* DHHS's practice of pre-selection for permanent positions and temporary details, the rates of promotions of African-Americans to the GS-13 level in the PIG between 1999 and 2004 and inconsistencies in statements made by selecting officials.  As discovery only recently began and because the Court is convinced that Moore is invoking the protection of Rule 56(f) in good faith and that discovery may allow her to more fully oppose Defendant's motion, Moore's motion

10

for a stay of consideration of the motion for summary judgment will be treated as an opposition, and the motion for summary judgment will be denied without prejudice.


V.   Conclusion

        For the reasons stated above, DHHS' motion to dismiss Count III of the complaint will be granted; the motion to dismiss Counts I and II will be denied.   DHHS' motion for summary judgment will be denied without prejudice to allow Moore adequate time for discovery.


<u>February 15, 2006</u>                 _____/s/_____
Date                                      William D. Quarles, Jr.
                                          United States District Judge